UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| UNITED STATES OF AMERICA | ) INDICTMENT NO. CR 1 2 0  0 6 3 |
|---|---|
| v. | ) 18 U.S.C. § 1349 |
|  | ) Conspiracy to Commit Wire and |
| SHERLEY L. BEAUFILS | ) Health Care Fraud |
|  | ) 18 U.S.C. § 1347 |
|  | ) Health Care Fraud |
|  | ) 18 U.S.C. § 1035(a)(1) |
|  | ) False Statements Relating to |
|  | ) Health Care Matters |
|  | ) 18 U.S.C. § 1001 |
|  | ) False Statement or |
|  | ) Representation Made to a |
|  | ) Department or Agency of the |
|  | ) United States |

**THE GRAND JURY CHARGES THAT:**

At all times relevant to this Indictment, unless otherwise indicated:

## INTRODUCTION

1. Sherley L. Beaufils ("**BEAUFILS**") was a licensed nurse practitioner in Georgia who purportedly "treated" thousands of patients she never met.

2. In just 14 months, **BEAUFILS** ordered more than 3,000 items of durable medical equipment ("DME") that were billed to the Medicare Program, resulting in more than $3 million in billings to Medicare for DME.

3. In these thousands of orders, **BEAUFILS** failed to establish a legitimate doctor-patient relationship, failed to conduct physical examinations of the patients,

ordered DME regardless of medical necessity, and frequently ordered DME based solely on a short telephonic conversation with the patient or no conversation at all.

4. Despite these deficiencies, **BEAUFILS** signed orders for thousands of items of DME for these patients, and signed medical records purporting themselves to result from examinations of these patients to add an aura of legitimacy to the DME orders.

5. **BEAUFILS** wrote these orders and created medical records for these patients to support the orders in exchange for money, which **BEAUFILS** used for her own use and enjoyment and for the use and enjoyment of others, from companies purporting themselves to be telemedicine companies.

6. **BEAUFILS** and others engaged in this conduct by disguising these services as "telemedicine," and used telemarketing to specifically target persons over the age of 55, including disabled and elderly Medicare beneficiaries.

## The Medicare Program

7. The Medicare Program ("Medicare"), a federal health care program as defined by 18 U.S.C. § 24, provides benefits to persons who are at least 65 years old or disabled. Medicare is administered by the Centers for Medicare and Medicaid Services ("CMS"), a federal agency under the United States Department of Health and Human Services. Individuals who receive benefits under Medicare are referred to as Medicare "beneficiaries."

8. Medicare is divided into multiple parts. Medicare Part B covers, among other things, costs relating to DME. Generally, Medicare Part B covers these costs

2

only if, among other requirements, they were medically necessary, ordered by a physician, and not induced by the payment of remuneration.

9. In order for DME suppliers to submit claims to Medicare for providing beneficiaries with DME, those items need to be ordered by a licensed medical provider who has a bona fide physician-patient relationship with the patient and need to be medically necessary, among other requirements. In addition, Medicare does not pay claims procured through kickbacks and bribes, or claims that otherwise violate the Anti-Kickback Statute, 42 U.S.C. § 1320a–7b, which makes it illegal to, among other things, knowingly and willfully offer, pay, solicit, or receive any remuneration in exchange for the referral of any item or service payable under a Federal health benefit program.

## Patients

10. P.W., K.M., G.S., J.B., and J.T. were Medicare beneficiaries and resided in the Southern District of Georgia at the time **BEAUFILS** ordered DME for them. P.W. and J.T. resided in the Augusta Division of the Southern District of Georgia at the time **BEAUFILS** ordered DME for P.W. and J.T.

## Companies

11. Company-1, a company whose identity is known to the Grand Jury, was based in Georgia and paid **BEAUFILS** to order DME.

12. Company-2, a company whose identity is known to the Grand Jury, was based in Ohio and billed Medicare for DME.

13. Company-3, a company whose identity is known to the Grand Jury, was based in Florida and billed Medicare for DME.

14. Company-4, a company whose identity is known to the Grand Jury, was based in Mississippi and billed Medicare for DME.

## COUNT ONE
*Conspiracy to Commit Wire and Health Care Fraud*
18 U.S.C. §§ 1349, 2326(1), and 2326(2)

15. Paragraphs 1 through 14 of this Indictment are realleged and incorporated herein by reference.

16. From in or around March 2018, and continuing until in or around April 2019, the exact dates being unknown to the grand jury, in the Southern District of Georgia and elsewhere, the defendant,

**SHERLEY L. BEAUFILS,**

and other unnamed co-conspirators, known and unknown, did conspire, confederate, and agree with each other to commit the following offenses:

    a. wire fraud, that is, to devise and intend to devise a scheme and artifice to defraud public and private health insurance entities and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing this scheme, and attempting to do so, caused to be transmitted by means of wire communication in interstate commerce signals and sounds, all in violation is Section 1343 of Title 18 of the United States Code; and

    b. health care fraud, that is, to knowingly and willfully execute and attempt to execute a scheme and artifice to defraud a health care benefit

4

program or to obtain, by means of false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of, a health care benefit program, in connection with the delivery of or payment for health care benefits, items, or services, all in violation of Section 1347 of Title 18 of the United States Code.

Object of the Conspiracy

17. It was the object of the conspiracy for **BEAUFILS** and others to unlawfully rich themselves by, among other things, (a) causing the submission of false and fraudulent claims to Medicare that were (i) procured by the payment of kickbacks and bribes; (ii) medically unnecessary; and/or (iii) ineligible for Medicare reimbursement; (b) concealing the submission of false and fraudulent claims to Medicare and the receipt and transfer of the proceeds from the fraud; and (c) using the proceeds of the fraud for the personal use and benefit of **BEAUFILS** and her co-conspirators.

Manner and Means

18. The manner and means by which **BEAUFILS** and her co-conspirators sought to accomplish the object of the conspiracy, which was in connection with the conduct of telemarketing that targeted persons over the age of 55, included, among others, the following:

a. **BEAUFILS** falsely certified to Medicare that she would comply with all Medicare rules and regulations, and federal laws, including that she would not knowingly present or cause to be presented a false and fraudulent

claim for payment to Medicare and that she would comply with the Anti-Kickback statute.

b.      **BEAUFILS** gained access to Medicare beneficiary information for thousands of vulnerable Medicare beneficiaries from Company-1 and others, in order for **BEAUFILS** to sign DME orders for those beneficiaries.

c.      Company-1 and others paid or caused payments to be made to **BEAUFILS** and others to sign DME orders and cause the submission of DME claims regardless of medical necessity, in order to increase revenue for themselves and their co-conspirators.

d.      **BEAUFILS** ordered DME regardless of medical necessity, in the absence of a pre-existing practitioner-patient relationship, without a physical examination, and frequently based solely on a short telephonic conversation with the beneficiary or no conversation at all.

e.      **BEAUFILS** and others concealed and disguised the scheme by preparing or causing to be prepared false and fraudulent documentation, and/or submitting or causing the submission of false and fraudulent documentation to Medicare, including concealing that the orders were obtained through illegal payment-per-order kickbacks and bribes while making it appear as if the encounter was a legitimate physician-patient visit, including stating that **BEAUFILS** had performed an "exam" and "evaluation" of Medicare beneficiaries and conducted various diagnostic tests prior to ordering DME, when, in fact, **BEAUFILS** performed no exams, performed no

6

evaluations, and performed no diagnostic tests on these Medicare beneficiaries.

 f. **BEAUFILS** and others submitted or caused the submission of false and fraudulent claims to Medicare in an amount in excess of $3 million for DME, including orthotic braces, that were procured through the payment of kickbacks and bribes, medically unnecessary, ineligible for Medicare reimbursement, and/or not provided as represented.

All done in violation of Title 18, United States Code, Sections 1349, 2326(1), and 2326(2).

## COUNTS TWO THROUGH SIX
*Health Care Fraud*
18 U.S.C. §§ 1347, 2, 2326(1), and 2326(2)

19. Paragraphs 1 through 14 of this Indictment are realleged and incorporated herein as a description of the scheme and artifice.

20. From in or around March 2018, and continuing until in or around April 2019, the exact dates being unknown to the grand jury, in the Southern District of Georgia and elsewhere, the defendant,

**SHERLEY L. BEAUFILS,**

aided and abetted by others both known and unknown, did knowingly and willfully execute and attempt to execute a scheme and artifice to defraud the Medicare Program and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by and under the custody and control of the Medicare Program, in connection with the delivery of and payment for health care benefits, items, and services.

### Purpose of the Scheme and Artifice

21. It was the purpose of the scheme and artifice for **BEAUFILS** to unlawfully enrich herself and others by, among other things: (a) causing the submission of false and fraudulent claims to Medicare that were (i) procured by the payment of kickbacks and bribes; (ii) medically unnecessary; (iii) ineligible for Medicare reimbursement; and/or (iv) not provided as represented; (b) concealing the submission of false and fraudulent claims to Medicare and the receipt and transfer of the proceeds from the fraud; and (c) using the proceeds of the fraud for the personal use and benefit of **BEAUFILS** and her accomplices.

## Acts in Execution of the Scheme and Artifice

22. To execute and attempt to execute the scheme and artifice, which was in connection with the conduct of telemarketing that targeted persons over the age of 55, **BEAUFILS**, aided and abetted by others both known and unknown, caused to be submitted false and fraudulent claims to Medicare including but not limited to those set forth in the table below on or about the dates listed below and for the patients listed below, when **BEAUFILS** knew that her orders were not the result of actual examinations of patients despite claims in her orders that such examinations took place:

| Count | Patient | "Exam" Date(s) | Claim Date | Claimant | DME Claimed |
|---|---|---|---|---|---|
| 2 | P.W. | 10/12/2018 | 10/17/2018 | Company-2 | Back brace, left knee brace, left shoulder/arm brace, left wrist brace, and right wrist brace |
| 3 | K.M. | 8/30/2018 and 12/5/2018 | 12/10/2018 | Company-3 | Back brace, left knee brace, right knee brace, right wrist brace, and left wrist brace |
| 4 | G.S. | 11/1/2018 | 11/5/2018 | Company-2 | Back brace, left knee brace, right knee brace, right shoulder/arm brace, and left wrist brace |
| 5 | J.B. | 6/26/2018 | 7/2/2018 | Company-4 | Back brace, right knee brace, left wrist brace, left ankle brace, and right ankle brace |

| 6 | J.T. | 11/9/2018 and 12/26/2018 | 11/12/2018 and 12/27/2018 | Company-2 | Back brace, left knee brace, right knee brace, left wrist brace, right wrist brace, and right shoulder/arm brace |

All done in violation of Title 18, United States Code, Sections 1347, 2, 2326(1), and 2326(2).

# COUNTS SEVEN THROUGH ELEVEN
*False Statements Relating to Health Care Matters*
18 U.S.C. §§ 1035(a)(1) and 2

23. Paragraphs 1 through 14 of the Introduction Section of this Indictment are realleged and incorporated fully herein by reference.

24. Beginning in or around March 2018, and continuing until in or around April 2019, the exact dates being unknown to the grand jury, in the Southern District of Georgia and elsewhere, the defendant,

**SHERLEY L. BEAUFILS,**

aided and abetted by others both known and unknown, knowingly and willfully falsified, concealed, and covered up by a trick, scheme, and device, a material fact, to wit, that **BEAUFILS** had never examined the patients and had often not even talked with the patients, despite signing medical records describing examinations of the patients, in connection with the delivery of health care benefits, items, and services involve the Medicare Program, a health care benefit program as defined in 18 U.S.C. § 24(b), including in medical records created to support orders for DME set forth in the table below on or about the dates listed and for the patients listed:

| Count | Patient | "Exam" Date(s) | DME Ordered |
|---|---|---|---|
| 7 | P.W. | 10/12/2018 | Back brace, left knee brace, left shoulder/arm brace, left wrist brace, and right wrist brace |
| 8 | K.M. | 8/30/2018 and 12/5/2018 | Back brace, left knee brace, right knee brace, right wrist brace, and left wrist brace |
| 9 | G.S. | 11/1/2018 | Back brace, left knee brace, right knee brace, right shoulder/arm brace, and left wrist brace |

| 10 | J.B. | 6/26/2018 | Back brace, right knee brace, left wrist brace, left ankle brace, and right ankle brace |
| 11 | J.T. | 11/9/2018 and 12/26/2018 | Back brace, left knee brace, right knee brace, left wrist brace, right wrist brace, and right shoulder/arm brace |

All done in violation of Title 18, United States Code, Sections 1035(a)(1) and 2.

12

# COUNT TWELVE
*False Statement or Representation Made to a Department or Agency of the United States*
18 U.S.C. § 1001

25. Paragraphs 1 through 14 of the Introduction Section of this Indictment are realleged and incorporated fully herein by reference.

26. On or about the 17th day of July, 2019, in the Southern District of Georgia and elsewhere, the defendant,

**SHERLEY L. BEAUFILS,**

did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, to wit, during an interview with a Special Agent from the Savannah Office of the Federal Bureau of Investigation, **BEAUFILS** stated that she spoke with patients for whom she ordered orthotic braces, and that she did tests on patients for whom she ordered orthotic braces, when in truth and fact and as **BEAUFILS** then and there knew, **BEAUFILS** often ordered orthotic braces for patients with whom she had never spoken and on whom she had performed no tests.

All in violation of Title 18, United States Code, Section 1001.

# FORFEITURE ALLEGATIONS

The allegations contained in Counts One through Twelve of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(7), and Title 28, United States Code, Section 2461(c).

Upon conviction of Count One of this Indictment, the defendant, **SHERLEY L. BEAUFILS** shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, that constitutes or is derived from proceeds traceable to the violation.

Furthermore, upon conviction of one or more of the charges alleged in Counts Two through Twelve of this Indictment, the defendant, **SHERLEY L. BEAUFILS** shall forfeit to the United States pursuant to Title 18, United States Code, Section 982(a)(7), any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense(s).

If any of the property described above, as a result of any act or commission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

A True Bill.

_____

David H. Estes
First Assistant United States Attorney

_____

Jonathan A. Porter
Assistant United States Attorney
*Lead Counsel

_____

Karl I. Knoche
Assistant United States Attorney
Chief, Criminal Division

_____

J. Thomas Clarkson
Assistant United States Attorney
*Co-lead Counsel