IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| v. | * | CR 120-063 |
| | * | |
| SHERLEY L. BEAUFILS | * | |

O R D E R

On February 1, 2022, Defendant Sherley L. Beaufils was convicted by a jury on five counts of healthcare fraud, five counts of making false statements relating to health care matters and a related conspiracy count, and five counts of aggravated identity theft.[1] The Court sentenced Defendant on August 9, 2022 to a total term of 87 months imprisonment. The Judgment and Commitment Order was entered on August 15, 2022. An Amended Judgment and Commitment Order was entered on August 22, 2022, to correct a typographical error in the recitation of the statutes of conviction. Defendant was represented by Mr. Joshua S. Lowther and Ms. Katryna Lyn Spearman through sentencing.

Shortly thereafter, Defendant retained Ms. Laura D. Hogue to represent her post-conviction interests; Ms. Hogue immediately

---

[1] Defendant was found not guilty for conspiracy to commit wire fraud and healthcare fraud.

filed a motion for extension of time to file a notice of appeal. The Court granted the motion (see Order of Aug. 26, 2022, doc. no. 129), and the Notice of Appeal was timely filed on September 28, 2022 (doc. no. 139). In the interim, Ms. Hogue filed a motion for new trial pursuant to Federal Rule of Criminal Procedure 33, more than seven months after the jury rendered its verdict.

Rule 33 provides that a court may grant a new trial if the interest of justice so requires. A motion for new trial not based on newly discovered evidence "must be filed within 14 days after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(2) Here, Defendant was required to file her motion for new trial by February 15, 2022. Her motion filed on September 22, 2022 is clearly untimely.[2] Nevertheless, Defendant asks the Court to excuse her late filing under Rule 45(b)(1)(B), claiming excusable neglect. Defendant points out that she expressly asked her trial counsel, Mr. Lowther, to file a motion for new trial *via* text message on February 8, 2022. Mr. Lowther responded that he did not believe there were grounds for a motion for new trial but that he would appeal the conviction in due course. Defendant's new counsel

---

[2] Defendant's reference to the Judgment and Commitment Orders is erroneous because the triggering date for Rule 33 is the date the "verdict" was rendered and not the date "final judgment" was entered. See, e.g., United States v. Denton, 697 F. App'x 963, 966 (11th Cir. 2017) (concluding that a Rule 33 motion filed more than nine months "after the trial had ended" is untimely); United States v. Dwyer, 2014 WL 12689321 (S.D. Fla. Oct. 21, 2014) (cited sources omitted).

2

disagrees with Mr. Lowther's assessment of the case and looks to label his failure to file a motion for new trial as ineffective, thereby allowing the Court to conclude there is excusable neglect. The Court will not second-guess Mr. Lowther's intentional decision to not file a motion for new trial, and this is not the proper vehicle to litigate an ineffective assistance of counsel claim. Besides, to the extent that Mr. Lowther was in error regarding his assessment of the case, the Eleventh Circuit has stated in the context of using Rule 45(b)(1)(B) to extend the time limit of Rule 33 that "[c]ounsel's misunderstanding of the law cannot constitute excusable neglect." United States v. Morris, 521 F. App'x 917 (11th Cir. 2013) (quoted source omitted). In short, the Court concludes that Defendant has not shown excusable neglect for Defendant's untimely motion for new trial. The motion for new trial (doc. no. 135) is therefore **DENIED**.

Defendant also filed a "Motion for Indicative Ruling on Defendant's Motion for New Trial," in which she asks the Court to stay the appeal and recognize plain error that necessitates a new trial, i.e., the Government's mention of "deliberate ignorance" in the absence of a jury instruction on that issue. The Court **DENIES** this motion (doc. no. 145). The Court remarked at sentencing that

the evidence presented at trial to convict her of fraud was ample.³ The omission of the Government's "deliberate ignorance" statement in its closing would not have changed the outcome. In fact, the Court observes that any reasonable doubt as to Defendant's guilt was eliminated by the cross-examination of Defendant which demonstrated that she not only changed her story about her communication and involvement with patients from her first FBI interview to trial, but she also altered her testimony from direct to cross-examination. The evidence at trial sufficiently supports the jury's verdict, and the Court cannot discern any reason to grant a new trial.

**ORDER ENTERED** at Augusta, Georgia, this 6th day of October, 2022.

_____
UNITED STATES DISTRICT JUDGE

---

³ The Court also stated that it had reviewed the written and oral jury instructions prior to sentencing and determined that the jury instruction was appropriate.