IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

UNITED STATES OF AMERICA      *

     *

    v.      *      CR 120-063

     *

SHERLEY L. BEAUFILS      *

## O R D E R

On February 1, 2022, Defendant Sherley L. Beaufils was convicted by a jury on five counts of healthcare fraud, five counts of making false statements relating to health care matters and a related conspiracy count, and five counts of aggravated identity theft.[1] The Court sentenced Defendant on August 9, 2022 to a total term of 87 months imprisonment. After receiving an extension, the Notice of Appeal was timely filed on September 28, 2022 (doc. no. 139). At present, Defendant moves for bond pending appeal pursuant to 18 U.S.C. § 3143(b)(1). The Government opposes the motion.

In order to secure bond pending appeal, a defendant must satisfy the statutory requirements, which provides that a defendant be detained <u>unless</u> the Court concludes:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . .; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in (i) reversal, (ii) an order for a new trial,

---

[1] Defendant was found not guilty for conspiracy to commit wire fraud and healthcare fraud.

(iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1). Thus, § 3143(b)(1) establishes a presumption against bond pending appeal.

As stated in the Order of October 6, 2022, denying Defendant's motion for a new trial, the omission of the "deliberate ignorance" statement from the Government's closing argument would not have changed the outcome of this case because of the ample evidence of Defendant's guilt. Thus, the Court concludes that Defendant has not met the requirements of § 3143(b)(1)(B). In other words, the "deliberate indifference" issue does not create a substantial doubt as to the validity of Defendant's conviction because it does not raise a substantial question of law or fact that will likely lead to reversal, a new trial, or a sentence reduction.[2]

Upon the foregoing, Defendant Beaufils' motion for bond pending appeal (doc. no. 154) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this ____ day of November, 2022.

_____
UNITED STATES DISTRICT JUDGE

---

[2] Because Defendant has not established a substantial question of law or fact, the Court need not consider whether Defendant is a flight risk or poses a danger to another person or the community.

2